

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LILIAN MCLEMORE, | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. _____ 31163 |
| ETHEX CORPORATION, and CVS | § | |
| PHARMACY, INC., | § | 3-09CV0885-D |
| | § | |
| Defendants. | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 1 2 2009
CLERK U.S. DISTRICT COURT
By _____
Deputy

## NOTICE OF REMOVAL

COMES NOW ETHEX Corporation ("ETHEX") and respectfully removes this case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §§ 1441 and 1446. ETHEX would respectfully show the Court the following:

## I.   DOCUMENTS IN SUPPORT OF REMOVAL

1.      Pursuant to Local Rule 81.1 and 28 U.S.C. § 1446(a), ETHEX attaches as appendices to this Notice of Removal:

Tabe A:     Index of Documents Filed in State Court;

Tabe B:     Plaintiff's Original Petition;

Tabe C:     Copy of Executed Citation Served on ETHEX Corporation;

Tabe D:     Original Answer of Defendant ETHEX Corporation;

Tabe E:     Original Answer of Defendant CVS Pharmacy, Inc. to Plaintiff's Original Petition;

Tabe F:     Certified Copy of the Docket Sheet in the State Court Action;

Tabe G:     A copy of a completed civil cover sheet;

Tabe H:     A copy of a completed supplemental civil cover sheet;

Tabe I:      Notice of Removed Action to be filed in the state court action.

Tabe J:      A separately signed Certificate of Interested Persons that complies with
             Local Rule 3.1

In filing this Notice of Removal, ETHEX expressly reserves all other questions other than that of

removal, for the purpose of further pleadings.

## II.   <u>PARTIES</u>

2.      Plaintiff LILIAN MCLEMORE ("Plaintiff") is a Texas citizen and a resident of

Dallas County, Texas. *See* Tab B, Plaintiff's Original Petition ("Pet."), ¶ 5.

3.      Defendant ETHEX is a foreign corporation, incorporated in the State of Missouri,

with its principal office and residence in St. Louis, Missouri.

4.      Defendant CVS PHARMACY INC. ("CVS") is a foreign corporation,

incorporated in the State of Rhode Island. *See* Tab B, Pet. ¶ 6b. CVS has its principal office and

residence in Rhode Island.

## III.   <u>PROCEDURAL BACKGROUND OF STATE COURT ACTION</u>

5.      On or about April 7, 2009, Plaintiff filed a civil action against Defendants in the

District Court of Jefferson County, Texas, styled Cause No. 09-04024: *Lilian McLemore v.*

*ETHEX Corporation, CVS Pharmacy Inc.* (the "State Court Action").

6.      The State Court Action is currently pending in the District Court of Dallas

County, Texas, 116TH Judicial District.

7.      Plaintiff served its Requests for Disclosure, First Request for Admissions, First

Set of Interrogatories, and First Request for Production with its Original Petition directed

towards both Defendants (the "discovery requests").

8.      ETHEX was served with "Plaintiff's Original Petition and Request for

Disclosure" (the "Complaint") on April 13, 2009.

9.      On May 1, 2009 ETHEX filed the Original Answer of Defendant ETHEX Corporation in the State Court Action ("ETHEX's Answer").

10.     On May 4, 2009 CVS filed the Original Answer of Defendant CVS Pharmacy, Inc. to Plaintiff's Original Petition in the State Court Action ("CVS' Answer").

11.     Other than Plaintiffs' Original Petition, ETHEX's Answer, the discovery requests, and CVS' Answer, no proceedings have been had in this matter.

## IV.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

12.     ETHEX removes this action to the United States District Court for the Northern District of Texas pursuant to the provisions of 28 U.S.C. § 1441, on the ground that this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a).

13.     This Notice of Removal is timely filed within 30 days of ETHEX's receipt of Plaintiffs' Original Petition, pursuant to 28 U.S.C. § 1446(b).

14.     The Notice of Removed Action required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the District Court of Dallas County, Texas, 116TH Judicial District in the form attached hereto at Tab I, will be filed in the State Court Action, and will be forwarded to the attorneys for Plaintiff upon the filing of this Notice of Removal.

## II.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

### A.    Removal Legal Standards

15.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a) (2009).   A federal district court has original "diversity"

jurisdiction where the suit is between citizens of different states and the amount in controversy

exceeds $75,000, exclusive of costs and interest.  28 U.S.C. § 1332(a) (2009).

**B.**      **Complete Diversity Exists Between The Parties**

16.      Plaintiff and Defendants are citizens of different states.  Plaintiff is a citizen of

Texas.  *See* Tab B, Pet. ¶ 5.  Under § 1332, a corporation is a citizen of any State by which it has

been incorporated.  *See* 28 U.S.C. § 1332(c)(1)(2009).  ETHEX was incorporated in Missouri,

has its principal place of business in Missouri, and, under § 1332, is a Missouri citizen.  *See id.*

CVS was incorporated in Rhode Island, has its principal place of business in Rhode Island, and is

a Rhode Island citizen under § 1332.  *See id.*  As such, the complete diversity requirement is met

as the citizenships of both Plaintiffs are diverse from the citizenships of both Defendants.

17.      Venue lies in this Court because Plaintiffs' action is pending in this district and

division.  *See* 28 U.S.C. § 1441(a)(2009).

**C.**      **The amount in controversy exceeds $75,000 exclusive of interest and costs.**

18.      Diversity jurisdiction under § 1332 only exists where the amount in controversy

exceeds $75,000.  *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).  The amount in

controversy should be determined at the time of filing.  *Id.*  When a plaintiff does not allege a

specific amount of damages, the defendant must prove by a preponderance of the evidence that

the amount in controversy exceeds $75,000.  *Barr v. Frannet, LLC*, 3:07-cv-1222-M, 2008 WL

59295 at *1 (N.D. Tex. Jan. 3, 2008)(internal citations omitted).  To make this determination, the

Court must review the petition to see if it is facially apparent that the claim exceeds $75,000.

*See White*, 319 F.3d at 675; *Barr*, 2008 WL 59295 at *1 (internal citations omitted).  If it is not

facially apparent that the amount in controversy exceeds $75,000, the removing party can set

forth facts that support a finding of the requisite amount in controversy.  *Barr*, 2008 WL 59295

at *1 (internal citations omitted).   If a Defendant meets this burden, Plaintiff can only defeat removal if he can prove that, "to a legal certainty," the claim is actually for less than $75,000. *Id.* (internal citations omitted).

19.   Plaintiff claims that she ingested an oversized morphine sulfate tablet that caused her to "lose her balance and fall to an severely strike the floor" which resulted in injuries to "both of her arms and upper body as a result of the impact of the fall." *See* Tab B, Pet. ¶ 12.   Plaintiff goes on to allege that she was taken to the hospital for medical treatment, "diagnosed as having and received treatment for a broken wrists [sic] and broken arms, and has thereafter had *three* surgeries to repair these injuries." *See* Tab B, Pet. ¶ 13 (emphasis added).   These alleged injuries "caused Plaintiff to incur expenses for medical treatment and *proper* medication and for transportation and to suffer sever excruciating pain and suffering." *See* Tab B, Pet. ¶ 14 (emphasis original).   As a result of these injuries, Plaintiff has asserted claims of "negligence" and "products liability" and seeks multiple forms of damages including:

i.   past medical expenses;

ii.   future medical expenses;

iii.   past pain and suffering;

iv.   future pain and suffering;

v.   past mental anguish;

vi.   future mental anguish;

vii.   past mental anguish [sic];

viii.   future mental anguish [sic];

ix.   past physical impairment;

x.   future physical impairment;

      **xi.**     past loss of earnings;

      **xii.**    future loss of earnings;

      **xiii.**   loss of past household services;

      **xiv.**   loss of future household services; and

      **xv.**    disfigurement.

*See* Tab B, Pet. ¶ 22.  Plaintiff seeks these damages jointly and severally against ETHEX and CVS and seeks "other and further relief to which she may be entitled." *See* Tab B, Pet. p. 5.

20.    Plaintiff does not specify an amount of damages sought.  It is apparent, however, from the face of the complaint that the amount in controversy likely exceeds $75,000.  Plaintiff seeks damages for injuries that she alleges are "severe" and that have resulted in her having three (3) surgeries. *See* Tab B, Pet. ¶¶ 12-13.  Plaintiff seeks at least thirteen (13) forms of damages, several of which include damages for future suffering, impairment, and loss of earnings.  Plaintiff's factual allegations, the causes of action she has asserted, her multiple claim for damages, and her claim for other and further relief to which she may be entitled facially show that the amount in controversy exceeds $75,000.  As such, removal is proper. *See e.g. White*, 319 F.3d at 676; *Barr*, 2008 WL 59295 at *2.

WHEREFORE, PREMISES CONSIDERED, Defendant ETHEX Corporation hereby remove this Action from the District Court of Dallas County, Texas, 116TH Judicial District to the United States District Court for the Northern District of Texas.

Respectfully submitted,

C. Michael Moore
State Bar No. 14323600
Margaret "Peg" Donahue Hall
State Bar No. 05968450
Christopher W. Reynolds
State Bar No. 24051247
SONNENSCHEIN NATH & ROSENTHAL, LLP
2000 McKinney Ave., Suite 1900
Dallas, TX 75201
(214)-259-0900 - *telephone*
(214)-259-0910 - *facsimile*

**ATTORNEYS FOR DEFENDANT ETHEX
CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on ___5/12/09___, the foregoing document was served via certified mail, return receipt requested upon the following:

Donald Scott Mackenzie
The Law Office of Scott Mackenzie
9601 White rock Trail, Suite 205
Dallas, Texas 75238
(214)-245-4625 - *telephone*
(214)-269-1439 - *facsimile*

*Counsel for Plaintiff Lilian McLemore*
John R. Robinson
Forman Perry Watkins & Tardy LLP
Bryan Tower
2001 Bryan Street, Suite 1300
Dallas, Texas 75201
(214)-665-2600 - *telephone*
(214)-905-3976 - *facsimile*

*Counsel for Defendant CVS Pharmacy, Inc.*

Paul H. Cross
Paul H. Cross Attorney at Law
9601 White Rock Trail, Suite 205
Dallas, Texas 75238
(214)-926-5734 - *telephone*
(214)-269-1439 - *facsimile*

*Counsel for Plaintiff Lilian McLemore*

Christopher W. Reynolds



CAUSE NO. DC-09-04024

| LILIAN MCLEMORE, | § | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| Plaintiff. | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ETHEX CORPORATION, and CVS | § | |
| PHARMACY, INC., | § | |
| | § | |
| Defendants. | § | 116TH JUDICIAL DISTRICT |
| | § | |

### INDEX OF DOCUMENTS FILED IN STATE COURT

| Document | Date Filed | Tab |
|---|---|---|
| Plaintiff's Original Petition | April 7, 2009 | B |
| Copy of Executed Citation Served on ETHEX Corporation | April 16, 2009 | C |
| Original Answer of Defendant ETHEX Corporation | May 1, 2009 | D |
| Original Answer of Defendant CVS Pharmacy, Inc. to Plaintiff's Original Petition | May 4, 2009 | E |



CAUSE NO. 09-04024

| | | |
|---|---|---|
| LILIAN MCLEMORE, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| ETHEX CORPORATION, CVS | § | |
| PHARMACY, INC., | § | **F-116th** |
| | § | |
| **Defendants.** | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Lillian McLemore ("Plaintiff") complains of ETHEX Corporation and CVS Pharmacy, Inc. (collectively "Defendants"), and respectfully shows:

## ORIGINAL PETITION

### Discovery Level

1.      Discovery is to be conducted under Level 3.

### Introduction

2.      Plaintiff sues to recover for injuries she sustained as a result of Defendants providing her with a prescription drug which was approximately twice the correct dosage.

3.      Plaintiff does not assert any claims or causes of action under federal law, and does not seek any relief or remedies under federal law.

4.      This case does not include or implicate malpractice by any health care provider. Plaintiff does assert any claims or causes of action for malpractice, and does not seek any relief or remedies for malpractice.

### Parties and Service of Process

5.      Plaintiff is a natural person who is a Texas citizen and Dallas County, Texas resident.

6.    Defendants are:

a.    **ETHEX Corporation** ("ETHEX"), a sister state corporation which, upon information and belief, regularly conducts business in Texas, is thus subject to personal jurisdiction in Texas because it regularly conducts business in Texas, has its principal place of business in Missouri, but does not have a registered agent or place of business in Texas, and thus may be served with process through the Secretary of Texas with instructions to forward citation and a copy of this petition via registered mail to ETHEX's home office, which is 2503 South Hanley Road, Saint Louis, Missouri 63144; and

b.    **CVS Pharmacy, Inc.** ("CVS"), a Rhode Island corporation which may be served with process through its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Dallas County, Texas 75201.

## Operative Facts

7.    ETHEX manufactures morphine sulphate tablets and other types of medicine and pharmaceutical products. EHTEX distributes the same to CVS and other pharmacies and other medical providers in Texas and elsewhere.

8.    A licensed physician wrote a prescription for Plaintiff for morphine sulphate as medication. Morphine is a very strong pain killing medication which can and has had serious adverse health effects when ingested in a large or excessive amount.

9.    Plaintiff took that prescription to be filled to the CVS retail store located at 1413 Oates Drive, Mesquite, Dallas County, Texas 75150. The medication prepared for and provided to Plaintiff actually consisted of tablets which contained approximately twice the amount of the medication which should have been contained in each tablet. Upon information and belief, these tablets were manufactured and distributed by ETHEX.

10.   Plaintiff went to the CVS store where she had left the prescription and paid for and received the medication in tablets which contained approximately twice the amount of morphine sulphate which should have been contained in each tablet.

11.     Pursuant to the instructions on the bottle, Plaintiff ingested the prescribed dosage for pain on the date she received the tablets from the CVS store. Plaintiff was at her residence in Garland, Dallas County, Texas when she ingested these tablets.

12.     The taking of these tablets caused Plaintiff to black out and lose consciousness, which in turn caused her to lose her balance and fall to and severely strike the floor in her residence. Plaintiff severely injured both of her arms and upper body as a result of the impact of that fall. Plaintiff eventually was discovered on the floor, and received emergency medial care.

13.     Emergency medical technicians then arrived at Plaintiff's house, provided preliminary treatment and took her to a hospital for medical treatment and care. She was diagnosed as having and received treatment for a broken wrists and broken arms, and has thereafter had three surgeries to repair these injuries.

14.     The injuries described and alleged above caused Plaintiff to incur expenses for medical treatment and *proper* medication and for transportation and to suffer severe, excruciating pain and suffering.

### Negligence

15.     Defendants had a duty to manufacture and distribute morphine sulphate tablets in the size and with the amount of morphine sulphate which was prescribed by the physician who wrote the subject prescription for Plaintiff and in a size and with an amount of morphine sulphate which would not be excessive.

16.     Defendants knew or should have known that distributing morphine sulphate tablets to consumers such as Plaintiff with twice the amount of morphine sulphate as prescribed or which is appropriate would cause or be likely to cause sever health risk and physical injury to persons who ingested those tablets.

17. Defendants breached their duty of care by selling and providing morphine sulphate tablets to Plaintiff which contained approximately twice the amount of morphine sulphate which should have been contained in each tablet.

18. Such wrongful conduct of Defendants was the actual, producing and proximate cause of actual damages to Plaintiff.

## Product Liability

19. Defendants were (and are) under a duty to warn consumers of danger of products which they may or do place into the stream of commerce.

20. Defendants knew or should have known that distributing morphine sulphate tablets to consumers such as Plaintiff with twice the amount of morphine sulphate as prescribed or which is appropriate would cause or be likely to cause sever health risk and physical injury to persons who ingested those tablets.

21. Defendants failed to warn Plaintiff that the tablets provided to Plaintiff contained an amount of morphine sulphate was much larger than the amount usually provided to consumers in tablets of the kind prescribed, or that tablets of such size and containing that amount of morphine sulphate.

## Damages

22. The wrongful conduct alleged above was the actual, producing and proximate cause of damages sustained by Plaintiff which sustain the minimum jurisdictional limit of this Court. These damages include, without limitation,

    a.      past medical expenses;
    b.      future medical expenses;
    c.      past pain and suffering;
    d.      future pain and suffering;
    e.      past mental anguish;
    f.      future mental anguish;

g.    past mental anguish;
h.    future mental anguish;
i.    past physical impairment;
j.    future physical impairment;
k.    past loss of earnings;
l.    future loss of earnings;
m.    loss of past household services;
n.    loss of future household services; and
o.    disfigurement.

### Conditions Precedent

23.    Plaintiff has satisfied all conditions precedent for mainlining and recovering upon

her causes of action.

### PLAINTIFF'S FIRST DISCOVERY REQUESTS

Attached hereto and served with citation and a copy of this petition and incorporated by

reference are the first request for disclosure, first requests for admissions, first sets of

interrogatories and first requests for production to each of Defendants.

### Prayer

Plaintiff respectfully requests that she be granted and have and recover judgment of, from

and against Defendants, jointly and severally, for:

1.    damages in an amount to be proven;

2.    prejudgment interest;

3.    court costs;

4.    post-judgment interest on the entire amount of the judgment; and

5.    other and further relief to which she may be entitled.

Respectfully submitted,

Donald Scott Mackenzie
Texas Bar No. 24030088
9601 White Rock Trail, Suite 205
Dallas, Texas 75238
214/245-4625 (fax) 214/269-1439
dallaslaw@gmail.com

*Paul H Cross*

---

Paul H. Cross
Texas Bar No. 005131500
9601 White Rock Trail, Suite 205
Dallas, Texas  75238
(214) 926-5734 – Telephone
(214) 269-1439 – Facsimile

COUNSEL FOR PLAINTIFF



FORM NO. 353-4—CITATION

# THE STATE OF TEXAS

To:

**ETHEX CORPORATION**
**BY SERVING THE SECRETARY OF STATE**
**OFFICE OF THE SECRETARY OF STATE**
**CITATIONS UNIT - P.O. BOX 12079**
**AUSTIN, TX, 78711**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **LILIAN MCLEMORE**

Filed in said Court ON THIS THE 7TH DAY OF APRIL, 2009 against
**ETHEX CORPORATION**

For suit, said suit being numbered **DC-09-04024-I** the nature of which demand is as follows:
Suit On **OTHER PERSONAL INJURY** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this the 9th day of April, 2009
ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

By _Evette Lamb_
**EVETTE LAMB**

---

# CITATION

No.: DC-09-04024-I

**LILIAN MCLEMORE**
VS.
**ETHEX CORPORATION, ET**

ISSUED
**ON THIS THE 9TH DAY OF APRIL, 2009**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **EVETTE LAMB**, Deputy

Attorney for : Plaintiff
PAUL H. CROSS
9601 WHITE ROCK TRAIL, STE 205
DALLAS, TX 75238
214-926-5734

DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

**OFFICER'S RETURN
FOR INDIVIDUALS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County

State of _____, on the _____ day of _____, 20____, at _____ o'clock, by

delivering to the within named

copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

each in person, a copy of this Citation together with the accompanying

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the ___9th___ day of ___April___, 20 _09_ at _8:05_ o'clock _A_.M. Executed at _P.O.Box 12035_, within the County

of _Travis_ State of _Tx_, on the _13th_ day of ___April___, 20 _09_, at _____

o'clock _____ .M. by summoning the within named Corporation, _Capp Corporation_ by CERTMAIL to _____

Registered Agent - in person, of the said

_by serving via U.S. Certified mail return receipt received and attached hereto and signed by_

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, ATTACHED THERE TO WAS MAILED BY US

CERTIFIED MAIL RETURN RECEIPT REQUESTED.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $ | 60.00 |
| For Mileage | $ | |
| For Notary | $ | |
| Total Fees | $ | |

Sheriff _MW Penn_

County of _____

State of _____

By _Willie Owens_

**GARY FITZSIMMONS
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606**

(not be verified if served outside the State of Texas)

State of _____

County of _____

Signed and sworn to me by the said

_____, 20____ before me this

_____, to certify which witness my hand and seal of office.

Seal

State & County of _____

2. Article Number

7160 3901 9846 2074 3282

3. Service Type **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*

1. Article Addressed to:

ETREX CORPORATION BY SERVING THE
SECRETARY OF STATE OFFICE OF THE
SECRETARY OF STATE
CITATIONS UNIT- P.O. BOX 12079
AUSTIN, TX 78711

APR. 13. 2009

RECEIVED

Domestic Return Receipt

PS Form 3811, January 2005
DC09-4024-1       4-9-09      E. CH#4516

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)     B. Date of Delivery

C. Signature
X                                    ☐ Agent
                                     ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

---

| | | |
|---|---|---|
| US Postal Service **Certified Mail Receipt** *Domestic Mail Only; No Insurance Coverage Provided* | Postage | $ |
| | Certified Fee | |
| | Return Receipt Fee (Endorsement Required) | |
| | Restricted Delivery Fee (Endorsement Required) | Postmark Here |
| | **Total Postage & Fees** | $ |

7160 3901 9846 2074 32

Sent To:

ETREX CORPORATION BY SERVING THE
SECRETARY OF STATE OFFICE OF THE
SECRETARY OF STATE
CITATIONS UNIT- P.O. BOX 12079
AUSTIN, TX 78711

PS Form 3800, January 2005     US Postal Service     **Certified Mail Receipt**

DC09-4024-1       4-9-09       E. CH#4516



## CAUSE NO. DC-09-04024

| | | |
|---|---|---|
| LILIAN MCLEMORE, | § | IN THE DISTRICT COURT |
| Plaintiff. | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ETHEX CORPORATION, and CVS | § | |
| PHARMACY, INC., | § | |
| | § | |
| Defendants. | § | 116TH JUDICIAL DISTRICT |
| | § | |



### ORIGINAL ANSWER OF DEFENDANT ETHEX CORPORATION

TO THE HONORABLE COURT:

COMES NOW Defendant ETHEX Corporation ("ETHEX") in the above entitled and numbered cause and files its Original Answer to Plaintiffs' Original Petition. ETHEX respectfully states as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, ETHEX generally denies each and every, all and singular, allegations set forth in Plaintiffs' Original Petition and demands strict proof thereof.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant ETHEX Corporation respectfully prays that the Court renders judgment that Plaintiffs take nothing by this suit and that ETHEX be awarded its costs and any other relief to which it is entitled.

Respectfully submitted,

*Margaret Hall*

C. Michael Moore
State Bar No. 14323600
Margaret "Peg" Donahue Hall
State Bar No. 05968450
Christopher W. Reynolds
State Bar No. 24051247
SONNENSEHEIN NATH & ROSENTHAL, LLP
2000 McKinney Ave., Suite 1900
Dallas, TX  75201
(214)-259-0900 - *telephone*
(214)-259-0910 - *facsimile*

**ATTORNEYS FOR DEFENDANT ETHEX
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on ___5 / 1 /09___ a true and correct copy of the

foregoing document was served via certified mail, return receipt requested upon the following:

Donald Scott Mackenzie
9601 White Rock Trail, Suite 205
Dallas, Texas 75238
(214)-245-4625 - *telephone*
(214)-269-1439 - *facsimile*

Paul H. Cross
9601 White Rock Trial, Suite 205
Dallas, Texas 75238
(214)-926-5734 - *telephone*
(214)-269-1439 - *facsimile*

Christopher W. Reynolds



09 May 4 A10:05
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. 09-04024-F

| LILIAN MCLEMORE, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ETHEX CORPORATION, CVS | § | |
| PHARMACY, INC., | § | |
| | § | |
| *Defendants.* | § | 116TH JUDICIAL DISTRICT |

## ANSWER OF DEFENDANT CVS PHARMACY, INC.
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CVS PHARMACY, INC.**, hereinafter referred to as "Defendant," and would respectfully show the Court the following:

1.      Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove the charges and allegations contained in her petition by a preponderance of the evidence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, this Defendant prays that Plaintiff take nothing, that this Defendant be dismissed, and that this Defendant recover its costs of court. This Defendant prays for such other and further relief, whether general or special, at law or in equity, to which it may be justly entitled.

---

Respectfully submitted,

**FORMAN PERRY WATKINS
KRUTZ & TARDY LLP**

By: _____
     John R. Robinson
     State Bar No. 17097500
     Attorney in Charge
     Matthew E. Liebnick
     State Bar No. 24013040
     2001 Bryan St., Suite 1300
     Dallas, Texas 75201
     Telephone: (214) 402-2924
     Facsimile:  (214) 905-3976

**ATTORNEYS FOR DEFENDANT
CVS PHARMACY, INC.**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been sent to Plaintiff's

counsel in accordance with Rule 21 and 21a on May 4, 2009.

_____
John R. Robinson



# CASE SUMMARY
## CASE NO. DC-09-04024

| | | |
|---|---|---|
| **LILIAN MCLEMORE** | § | Location: **116th District Court** |
| vs. | § | Judicial Officer: **PRIDDY, BRUCE** |
| **ETHEX CORPORATION CVS PHARMACY INC, et** | § | Filed on: **04/07/2009** |
| **al** | § | |

---

### CASE INFORMATION

Case Type: **OTHER PERSONAL INJURY**

---

### PARTY INFORMATION

| | | *Lead Attorneys* | |
|---|---|---|---|
| **PLAINTIFF** | **MCLEMORE, LILIAN** | **CROSS, PAUL HARTMAN** *Retained* | 214-926-5734 |
| **DEFENDANT** | **CVS PHARMACY INC** *BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM 350 NORTH ST PAUL STREET DALLAS, TX 75201* | **ROBINSON, JOHN R** *Retained* | 214-905-2924 |
| | **ETHEX CORPORATION** *BY SERVING ITS HOME OFFICE 2503 SOUTH HANLEY ROAD SAINT LOUIS, MO 63144* | **HALL, MARGARET DONAHUE** *Retained* | 214-259-0900 |

**ETHEX CORPORATION CVS PHARMACY INC**

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/07/2009 | ORIGINAL PETITION (OCA) | |
| 04/07/2009 | ISSUE CITATION | |
| 04/07/2009 | ISSUE CITATION COMM OF INS OR SOS | |
| 04/08/2009 | **CITATION** CVS PHARMACY INC          issued *ATTY* | |
| 04/09/2009 | **CITATION SOS/COI/COH/HAG** ETHEX CORPORATION          issued *CK#4516, 7160 3901 9846 2074 3282* | |
| 04/13/2009 | **CITATION SOS/COI/COH/HAG** ETHEX CORPORATION          served *CK#4516, 7160 3901 9846 2074 3282* | |
| 05/01/2009 | ORIGINAL ANSWER - GENERAL DENIAL Party: DEFENDANT ETHEX CORPORATION *ETHEX CORPORATION* | |
| 05/04/2009 | ORIGINAL ANSWER - GENERAL DENIAL Party: DEFENDANT CVS PHARMACY INC | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

# CASE SUMMARY
## CASE NO. DC-09-04024

**DEFENDANT** CVS PHARMACY INC

| | |
|---|---|
| Total Charges | 2.00 |
| Total Payments and Credits | 0.00 |
| **Balance Due as of 5/7/2009** | **2.00** |

**PLAINTIFF** MCLEMORE, LILIAN

| | |
|---|---|
| Total Charges | 302.00 |
| Total Payments and Credits | 302.00 |
| **Balance Due as of 5/7/2009** | **0.00** |



G

**≈JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lilian McLemore | ETHEX Corporation<br>CVS Pharmacy, Inc. |
| **(b)** County of Residence of First Listed Plaintiff   Dallas County, TX<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   St. Louis County, MO<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Donal Scott Mackenzie; 9601 White Rock Trail, Suite 205; Dallas,<br>Texas 75238; (214)-269-1439 | Attorneys (If Known)<br>Sonnenschein Nath & Rosenthal, LLP; 2000 McKinney Ave.,<br>Suite 1900; Dallas, Texas 75201; (214)-259-0900 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332; 28 U.S.C. 1441

Brief description of cause:
product liability - pharmaceutical

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   May 12, 2009

SIGNATURE OF ATTORNEY OF RECORD   _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**       Example:        U.S. Civil Statute: 47 USC 553
                                                         Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



# United States District Court
# Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.
District Clerk's Office. Additional sheets may be used as necessary.**

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number
assigned to the case in that court.

| Court | Case Number |
|-------|-------------|
| 116TH Judicial District Court of Dallas County Texas | DC-09-04024 |

2.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their
party type. Also, please list the attorney(s) of record for each party named and include
their bar number, firm name, correct mailing address, and phone number (including area
code.)

| Party and Party Type | Attorney(s) |
|----------------------|-------------|
| Liliam McLemore - Plaintiff | Donald Scott McKenzie<br>Texas Bar No. 24030088<br>9601 White Rock Trail<br>Suite 205<br>Dallas, Texas 75238<br>(214)-269-1439<br><br>Paul H. Cross<br>Texas Bar No. 05131500<br>9601 White Rock Trail<br>Suite 205<br>Dallas, Texas 75238<br>(214)-926-5734 |

**Supplemental Civil Cover Sheet**
**Page 2**

ETHEX Corporation - Defendant

C. Michael Moore
State Bar No. 14323600
Sonnenschein Nath & Rosenthal, LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
(214)-259-0900

Margaret "Peg" Donahue Hall
State Bar No. 05968450
Sonnenschein Nath & Rosenthal, LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
(214)-259-0900

Christopher W. Reynolds
State Bar No. 24051247
Sonnenschein Nath & Rosenthal, LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
(214)-259-0900

CVS Pharmacy Inc. - Defendant

John R. Robinson
State Bar No. 17097500
Forman Perry Watkins Krutz Tardy, LLP
2001 Bryan St., Suite 1300
Dallas, Texas 75201
(214)-402-2924

Matthew E. Liebnick
State Bar No. 24013040
Forman Perry Watkins Krutz Tardy, LLP
2001 Bryan St., Suite 1300
Dallas, Texas 75201
(214)-402-2924

3.    **Jury Demand:**

Was a Jury Demand made in State Court?         ☐ Yes ☒ No

If "*Yes*," by which party and on what date?

_____                    _____
Party                                         Date

**Supplemental Civil Cover Sheet**
**Page 3**

4.      **Answer:**

        Was an Answer made in State Court?         ☒ Yes ☐ No

            If "*Yes*," by which party and on what date?

            ETHEX Corporation                           May 1, 2009
            Party                                       Date

            CVS Pharmacy Inc.                           May 4, 2009
            Party                                       Date

5.      **Unserved Parties:**

        The following parties have not been served at the time this case was removed:

            **Party**                          **Reason(s) for No Service**

            None

6.      **Nonsuited, Dismissed or Terminated Parties:**

        Please indicate any changes from the style on the State Court papers and the reason for
        that change:

            **Party**                          **Reason**

            None

7.      **Claims of the Parties:**

        The filing party submits the following summary of the remaining claims of each party in
        this litigation:

            **Party**                          **Claim(s)**

            Plaintiffs                         Negligence
                                               Product Liability



CAUSE NO. DC-09-04024

| | | |
|---|---|---|
| LILIAN MCLEMORE, | § | |
| | § | IN THE DISTRICT COURT |
| Plaintiff. | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ETHEX CORPORATION, and CVS | § | |
| PHARMACY, INC., | § | |
| | § | |
| Defendants. | § | 116TH JUDICIAL DISTRICT |
| | § | |

## NOTICE OF REMOVED ACTION

PLEASE TAKE NOTICE that on May 12, 2009, Defendant ETHEX Corporation, by counsel, removed this action by filing a Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division together with a complete copy of all process, exhibits, pleadings, and orders served upon Defendant in this action as of the date of the filing of the removal. A complete, true and correct copy of such Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

C. Michael Moore
State Bar No. 14323600
Margaret "Peg" Donahue Hall
State Bar No. 05968450
Christopher W. Reynolds
State Bar No. 24051247
SONNENSCHEIN NATH & ROSENTHAL, LLP
2000 McKinney Ave., Suite 1900
Dallas, TX 75201
(214)-259-0900 - *telephone*
(214)-259-0910 - *facsimile*

**ATTORNEYS FOR DEFENDANT ETHEX
CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on __5/12/09__, the foregoing document was served via certified mail, return receipt requested upon the following:

Donald Scott Mackenzie
The Law Office of Scott Mackenzie
9601 White rock Trail, Suite 205
Dallas, Texas 75238
(214)-245-4625 - *telephone*
(214)-269-1439 - *facsimile*

*Counsel for Plaintiff Lilian McLemore*
John R. Robinson
Forman Perry Watkins & Tardy LLP
Bryan Tower
2001 Bryan Street, Suite 1300
Dallas, Texas 75201
(214)-665-2600 - *telephone*
(214)-905-3976 - *facsimile*

*Counsel for Defendant CVS Pharmacy, Inc.*

Paul H. Cross
Paul H. Cross Attorney at Law
9601 White Rock Trail, Suite 205
Dallas, Texas 75238
(214)-926-5734 - *telephone*
(214)-269-1439 - *facsimile*

*Counsel for Plaintiff Lilian McLemore*

Christopher W. Reynolds



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **LILIAN MCLEMORE,** | § | |
| | § | |
| **Plaintiff.** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **ETHEX CORPORATION, and CVS** | § | |
| **PHARMACY, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## ETHEX CORPORATION'S CERTIFICATE OF INTERESTED PERSONS

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:

COMES NOW ETHEX Corporation ("ETHEX") and files its Certificate of Interested Persons pursuant to Rule 81.1 of the Local Rules of the Northern District of Texas. ETHEX states that, Lilian McLemore, ETHEX Corporation, and CVS Pharmacy, Inc. are financially interested in the outcome of this case.

Respectfully submitted,

_C. Michael Moore_
State Bar No. 14323600
Margaret "Peg" Donahue Hall
State Bar No. 05968450
Christopher W. Reynolds
State Bar No. 24051247
SONNENSCHEIN NATH & ROSENTHAL, LLP
2000 McKinney Ave., Suite 1900
Dallas, TX 75201
(214)-259-0900 - *telephone*
(214)-259-0910 - *facsimile*

**ATTORNEYS FOR DEFENDANT ETHEX
CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on May 12, 2009, the foregoing document was served via certified mail, return receipt requested upon the following:

Donald Scott Mackenzie
The Law Office of Scott Mackenzie
9601 White rock Trail, Suite 205
Dallas, Texas 75238
(214)-245-4625 - *telephone*
(214)-269-1439 - *facsimile*

*Counsel for Plaintiff Lilian McLemore*

John R. Robinson
Forman Perry Watkins & Tardy LLP
Bryan Tower
2001 Bryan Street, Suite 1300
Dallas, Texas 75201
(214)-665-2600 - *telephone*
(214)-905-3976 - *facsimile*

*Counsel for Defendant CVS Pharmacy, Inc.*

Paul H. Cross
Paul H. Cross Attorney at Law
9601 White Rock Trail, Suite 205
Dallas, Texas 75238
(214)-926-5734 - *telephone*
(214)-269-1439 - *facsimile*

*Counsel for Plaintiff Lilian McLemore*

_Christopher W. Reynolds_

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Lilian McLemore

**DEFENDANTS**
ETHEX Corporation
CVS Pharmacy, Inc.

3-09CV0885-D

**(b)** County of Residence of First Listed Plaintiff   Dallas County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   St. Louis County, MO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Donal Scott Mackenzie; 9601 White Rock Trail, Suite 205; Dallas, Texas 75238; (214)-269-1439

Attorneys (If Known)
Sonnenschein Nath & Rosenthal, LLP; 2000 McKinney Ave., Suite 1900; Dallas, Texas 75201; (214)-259-0900

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332; 28 U.S.C. 1441
Brief description of cause:
product liability - pharmaceutical

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE   May 12, 2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**United States District Court**
**Northern District of Texas**

ORIGINAL

**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

3-09CV0885-D

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.
District Clerk's Office. Additional sheets may be used as necessary.

FILED
MAY 1 2 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number
assigned to the case in that court.

| Court | Case Number |
|---|---|
| 116TH Judicial District Court of Dallas County Texas | DC-09-04024 |

2.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their
party type. Also, please list the attorney(s) of record for each party named and include
their bar number, firm name, correct mailing address, and phone number (including area
code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Liliam McLemore - Plaintiff | Donald Scott McKenzie<br>Texas Bar No. 24030088<br>9601 White Rock Trail<br>Suite 205<br>Dallas, Texas 75238<br>(214)-269-1439<br><br>Paul H. Cross<br>Texas Bar No. 05131500<br>9601 White Rock Trail<br>Suite 205<br>Dallas, Texas 75238<br>(214)-926-5734 |

**Supplemental Civil Cover Sheet**
**Page 2**

ETHEX Corporation - Defendant

C. Michael Moore
State Bar No. 14323600
Sonnenschein Nath & Rosenthal, LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
(214)-259-0900

Margaret "Peg" Donahue Hall
State Bar No. 05968450
Sonnenschein Nath & Rosenthal, LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
(214)-259-0900

Christopher W. Reynolds
State Bar No. 24051247
Sonnenschein Nath & Rosenthal, LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
(214)-259-0900

CVS Pharmacy Inc. - Defendant

John R. Robinson
State Bar No. 17097500
Forman Perry Watkins Krutz Tardy, LLP
2001 Bryan St., Suite 1300
Dallas, Texas 75201
(214)-402-2924

Matthew E. Liebnick
State Bar No. 24013040
Forman Perry Watkins Krutz Tardy, LLP
2001 Bryan St., Suite 1300
Dallas, Texas 75201
(214)-402-2924

3.     **Jury Demand:**

Was a Jury Demand made in State Court?          ☐ Yes ☒ No

        If "*Yes*," by which party and on what date?

_____                    _____
Party                                                                              Date

**Supplemental Civil Cover Sheet**
**Page 3**

4.      **Answer:**

Was an Answer made in State Court?          ☒ Yes ☐ No

> If "*Yes*," by which party and on what date?

> ETHEX Corporation_____          May 1, 2009_____
> Party                                                             Date

> CVS Pharmacy Inc._____          May 4, 2009_____
> Party                                                             Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

> **Party**                                        **Reason(s) for No Service**

> None

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

> **Party**                                        **Reason**

> None

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

> **Party**                                        **Claim(s)**

> Plaintiffs                                       Negligence
>                                                       Product Liability